**UNITED STATES of America, ex rel. Lonnie YATES, Plaintiff,**

v.

**Phillip T. HARDIMAN, Executive Director of the Cook County Department of Corrections; Richard Elrod, Sheriff**

---

---

---

**437**

of Cook County; and Michael Lane, Director Department of Corrections, State of Illinois, Defendants.

No. 84 C 10295.

United States District Court, N.D. Illinois, E.D.

Dec. 15, 1989.

Robert Isaacson, Cook County Public Defender, Chicago, Ill., for plaintiff.

Michael Robert, Atty. General's Office, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Lonnie Yates is a state prisoner who was found guilty of murder and burglary in the Circuit Court of Cook County, Illinois. In November 1984, Yates filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The case was originally assigned to Judge George N. Leighton, who granted Yates' motion for summary judgment on the petition. 656 F.Supp. 1006. The Seventh Circuit reversed this judgment and remanded the case for a consideration of the remaining issues raised in the original petition. 830 F.2d 195. For the reasons set forth below, we deny Yates' petition for habeas corpus.

### Background

On the morning of July 11, 1977, Veronica Lee was bludgeoned and stabbed to death. Her cousin Timothy Lee found her naked body stuffed in a closet with a pair of scissors embedded in her chest. Veronica's wallet was found with its contents strewn about a cocktail table; her mother testified that seventeen dollars was missing. Lonnie Yates was subsequently charged with and found guilty of murder and burglary.[1]

---

1. Yates was sentenced to death for the murder and to a fourteen-year term of imprisonment for the burglary. The Illinois Supreme Court affirmed the convictions, but vacated the death

In his original petition, Yates claimed that he was entitled to habeas relief on three grounds. However, Yates moved for summary judgment on the ground that he was denied his Fourteenth Amendment right to equal protection and his Sixth Amendment right to be tried by a jury of his peers because the prosecutor exercised peremptory challenges to exclude members of his race from the jury. Judge Leighton granted summary judgment on this ground, but the Seventh Circuit reversed and remanded the case for consideration of the two remaining claims cited in the petition.

Yates' first remaining claim is that the trial court violated his Sixth and Fourteenth Amendment right to present a defense by refusing to admit a composite sketch into evidence. The sketch was drawn under the direction of two witnesses to the crime, who testified during the trial that they saw Yates leaving the victim's apartment just before the body was discovered. According to Yates, he does not resemble the individual depicted in the sketch. The state court ruled that the composite was inadmissible hearsay.

Yates also claims that he was denied his Fourteenth Amendment due process right because of remarks made by the prosecutor during closing argument. Specifically, Yates points to the "unsupported, inflammatory argument" that he had sexually assaulted Veronica Lee prior to murdering her.

### Discussion

In order to prevail on a petition for habeas corpus, it is not enough that the petitioner presents meritorious constitutional claims. He must also clear certain procedural hurdles. We find that Yates has failed to satisfy the procedural prerequisites for a § 2254 action and deny the petition for habeas relief.

Yates claims that he was denied his Sixth Amendment right to present a defense when the trial court refused to admit a composite sketch into evidence. On appeal to the Illinois Supreme Court, Yates challenged the trial court's refusal to admit the sketch into evidence, arguing that the sketch could not be hearsay because it was to be used only to impeach the identification witnesses. However, Yates did not raise his constitutional claim on appeal.

"The failure of a person convicted in a state court to raise a federal claim on his state appeal is a procedural default which bars that claim from being considered on federal habeas unless the person can show 'cause and prejudice.'" *Mikel v. Thieret*, 887 F.2d 733, 737 (7th Cir., 1989) (citations omitted). A state court is entitled to a fair opportunity to consider a federal claim before a federal court can consider the claim by means of a habeas petition. *Dortch v. O'Leary*, 863 F.2d 1337, 1343 (7th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1961, 104 L.Ed.2d 429.

It is clear that Yates deprived the Illinois Supreme Court of the opportunity to consider his federal claim during his direct appeal to that court. Yates did appeal the trial court's evidentiary ruling to exclude the sketch. However, he failed to raise his Sixth Amendment claim on appeal. His argument dealt exclusively with the validity of the ruling under the Illinois law of evidence. Nowhere in the court's opinion is the slightest indication that Yates framed his argument in constitutional terms. *People v. Yates*, 98 Ill.2d 502, 75 Ill.Dec. 188, 200–02, 456 N.E.2d 1369, 1381–1383 (1983).

■ Because Yates neglected to raise the constitutional claim in state court proceedings, he can only raise the issue in a habeas proceeding if he satisfies the "cause and prejudice" standard. *Mikel*, at 737. However, Yates has not shown cause for his default or actual prejudice resulting from the errors of which he complains. He had every opportunity, but failed to raise the constitutional issue on appeal. Furthermore, as noted by the Illinois Supreme Court, Yates "has not shown any substantial prejudice" as a result of the trial court's decision to exclude the composite. *Id.* 75 Ill.Dec. at 202, 456 N.E.2d at 1383. "Defense counsel extensively cross-exam-

sentence and remanded the cause for a new

sentencing hearing on the murder charge.

ined the witnesses with the use of the sketch and repeatedly advised the jury of the asserted discrepancies between the sketch and the defendant." *Id.* "Admission of the sketch would have added little, if any, to the probative value of the attempted impeachment, and we cannot conceive that it would have affected the jury's assessment of the credibility of the witnesses." *Id.* Thus, we conclude that Yates' failure to raise the Sixth Amendment claim in state court proceedings bars him from litigating this issue in a habeas petition.

Yates also claims that certain remarks made by the prosecutor were unsupported and inflammatory, and thus deprived him of a fair trial. Yates cites a portion of the argument in which the prosecutor stated:

> And I want to make it clear, the defendant is not charged with rape. And we are not saying he was able to consummate an act of rape, but what we are saying is that it is possible that during this course of time the defendant decided to satisfy some other sort of need, some other desire. That would explain why Veronica Lee was found naked in the closet, when she was first [sic] seen by her mother in a rose colored gown. That would explain the fact that there are scratches on the arms of the defendant. Did he take off his clothes and then wake the girl up? Did she surprise him? We really don't know. (Petition, p. 9).

Although Yates now argues that these comments were "inflammatory" and "unsupported," he failed to object to this statement during the trial.

On appeal to the Illinois Supreme Court, Yates attempted to secure a reversal of his conviction by arguing that he was deprived of a fair trial due to the prosecutor's suggestion that he sexually attacked the victim. The Court rejected this argument on two grounds. First, the Court held that Yates could not obtain appellate relief because he had failed to object at trial. *People v. Yates*, 75 Ill.Dec. at 203, 456 N.E.2d at 1384. Second, the Court held that these

remarks did not deprive Yates of a fair trial because the prosecutor's argument "was based on legitimate inferences from the facts and circumstances proved, and was not improper." *Id.*

■ Yates' failure to object to the prosecutor's statements at trial precludes him from basing his habeas claims on these statements, absent a showing of cause and prejudice. *Solles v. Israel*, 868 F.2d 242, 250 (7th Cir.1989), *cert. denied,* —— U.S. ——, 109 S.Ct. 2457, 104 L.Ed.2d 1011, *citing Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Yates has failed to demonstrate any cause for his default. His counsel objected to several of the prosecutor's other statements in a timely fashion.[2] There is no reason why counsel could not also have objected to the reference to a sexual attack.

■ Not only do we conclude that there was no cause for the waiver, but we also find very little actual prejudice to Yates resulting from the prosecutor's statement. In fact, the Illinois court held that the statement was warranted by the evidence; "[i]n our judgment, this argument was based upon legitimate inferences from the facts and circumstances proved, and was not improper." *People v. Yates*, 75 Ill.Dec. at 203, 456 N.E.2d at 1384 (citations omitted). We agree that the statement was based on legitimate inferences from the facts presented at trial. For example, when last seen by her mother, the victim was wearing a robe. However, when her body was found, she was naked. There was some evidence suggesting that blood was found under her fingernails; there was also evidence that Yates had scratch marks on his arm when he was arrested. In addition to this factual foundation, the speculative and qualified tone of the language chosen by the prosecutor would limit any prejudicial effect on the jury.

Accordingly, we conclude that there is no cause and prejudice excusing the waiver of this issue during the state court proceeding. Therefore, Yates cannot rely on the

---

2. In the Illinois Supreme Court opinion, the Court recounts numerous defense objections.

*See People v. Yates*, 75 Ill.Dec. at 188, 456 N.E.2d at 1369.

**440**

claim of prosecutorial misconduct on a petition for habeas corpus.

In addition, while Yates' waiver makes it unnecessary to consider the merits of his claim, we observe that the prosecutor's statement does not rise to the level of a violation of Yates' right to due process. The standard for evaluating a due process claim of prosecutorial misconduct is "whether but for the prosecutorial misconduct, the outcome of the trial would have been different." *Solles*, 868 F.2d at 248, *citing, Shepard v. Lane*, 818 F.2d 615, 622 (7th Cir.1987). As a threshold matter, we find that the prosecutor's statement cannot be characterized as misconduct; as noted above, his inferences were supported by facts adduced at trial. However, even if the statement could be characterized as misconduct, the omission of the statement would not have changed the result of the trial. There was sufficient evidence, independent of this tangential statement, through which the trier of fact could conclude that Yates was guilty beyond a reasonable doubt. *See People v. Yates*, 75 Ill.Dec. at 200, 456 N.E.2d at 1381. Therefore, even absent the "misconduct," we conclude that the outcome of the trial would have been identical, and that Yates' due process claim is without merit.

The petition for habeas corpus is denied. It is so ordered.